THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DION JOHNSON,<br><br>                Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION,<br><br>                Defendant. | CASE NO. 2:24-cv-00918-BJR<br><br>DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY LITIGATION<br><br>NOTE ON MOTION CALENDAR:<br>August 26, 2024 |

## I.  INTRODUCTION AND RELIEF REQUESTED

When Plaintiff Dion Johnson (a/k/a Aaron Williams) accepted a job with Defendant Starbucks Corporation ("Starbucks"), he agreed to arbitrate any claims he might decide to file against Starbucks. Instead of honoring that agreement (the "Arbitration Agreement"), he filed this action. He alleges that Starbucks violated various rights under the Family Medical Leave Act ("FMLA"), Title VII of the 1964 Civil Rights Act, the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), and the Washington Paid Family Medical Leave Act ("WPFMLA"). These claims are squarely encompassed by his Arbitration Agreement.

When Starbucks asked Plaintiff to stipulate to arbitration based on the agreement he signed, he responded by asserting that his arbitration agreement was unenforceable under

DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY - Page 1

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL

RCW 49.44.085, which purports to bar confidential arbitration of discrimination claims. But as Starbucks explained in response, the Arbitration Agreement does not require confidentiality so the Washington statute does not apply. Because Plaintiff will not honor his agreement, the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, requires that this Court compel him do so.

As explained further below, Starbucks brings this motion in part under Fed. R. Civ. P. 12(b)(1) and (6). As such it has filed this motion prior to answering the Complaint (ECF 1) because "[a] motion asserting any of these defenses under Rule 12(b) must be made before pleading if a responsive pleading is allowed."[1] Fed. R. Civ. P. 12(b). Accordingly, Starbucks moves this Court to compel arbitration and dismiss this case or, in the alternative, to stay proceedings.

## II.   STATEMENT OF FACTS

**A.   Plaintiff Executes His Arbitration Agreement with Starbucks**

Since 2013, applicants for managerial positions at Starbucks, such as that Plaintiff held, have applied through the Taleo online application process. Declaration of Shami Marangwanda ("Marangwanda Decl."), ¶ 5. The employment application requires applicants to read information, understand questions, and provide information to complete multiple online application tasks. *Id.* All applicants are required to complete and provide all information requested in the application for employment before becoming eligible for employment at Starbucks. *Id.*

---

[1] Should the Court interpret Rule 12(b) such that Starbucks must answer the complaint before moving to compel arbitration, Starbucks requests 14 days in which to do so.

DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY - Page 2

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL

Plaintiff submitted his application on April 4, 2019. *Id.* at ¶ 6, Ex. A. In doing so, he was required to provide his name, email account, and to establish a username and password only he would know. *Id.* at ¶ 7. Throughout the application process, Plaintiff variously gave his name as Aaron Williams or Dion Johnson. *E.g.* Marangwanda Decl., Ex. D at 2. After that, he had to complete 13 tasks on Taleo. Marangwanda Decl. at ¶ 8. These included entering various personal information and accepting an offer of employment contingent on him completing the remaining onboarding requirements. *Id.*

Task 12 in the Taleo online application is entitled "Application Confirmation" and contains notices relating to Starbucks Equal Employment Opportunity policy, reasonable accommodations for disabilities, and Starbucks Mutual Arbitration Agreement. *Id.* at ¶ 9. With regard to the Mutual Arbitration Agreement, this Application Confirmation page states, "As of October 1, 2014, Starbucks Corporation requires as a condition of employment for certain positions that the employee will be subject to an arbitration agreement." Marangwanda Decl., Ex. C.

In order to reach the next page, Plaintiff was required to acknowledge his review and approval of the disclosures on the "Application Confirmation" page by entering his full name, then clicking the "Continue" button. Marangwanda Decl. at ¶ 9. At this juncture, Plaintiff had the option to cancel his application if he did not wish to proceed. *Id.* Plaintiff did not cancel his application; he completed it. *Id.* To complete his application, Plaintiff was required to review the information he provided before final submission and submit his application. *Id.*

Next, Plaintiff was directed to the Mutual Arbitration Agreement task. *Id.* at ¶ 12. To complete this task, Plaintiff was required to view and sign the Mutual Arbitration Agreement as a condition of his employment. *Id.* at ¶ 13. To acknowledge review and acceptance of

DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY - Page 3

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL

Starbucks Mutual Arbitration Agreement, Plaintiff entered his account login password to confirm his electronic signature. *Id.* Plaintiff had as much as two weeks in which to review this agreement, consult outside counsel if he chose, and/or direct questions to his hiring manager. *Id.* Plaintiff electronically signed the Mutual Arbitration Agreement on May 30, 2019. *Id.*, Ex. E.

> That Agreement provided:
>
> Starbucks and I agree to use binding individual arbitration to resolve any "Covered Claims" that arise between me and Starbucks, its subsidiaries and related companies, and/or any current or former employee of Starbucks or a related company (collectively, "Starbucks"). "Covered Claims" are those brought under any statute, local ordinance, or common law relating to my employment, including those concerning any element of compensation, harassment, discrimination, retaliation, recovery of bonus or relocation benefits, leaves of absence, accommodations, or termination of employment.
>
> **Except as provided herein, I understand and agree that arbitration is the only forum for resolving Covered Claims, and that both Starbucks and I waive the right to a trial before a judge or jury in federal or state court.** The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law.
>
> Except as provided below, Starbucks and I agree that the Arbitrator -and not a court or agency- shall have exclusive authority to resolve any dispute regarding the formation, interpretation, applicability, enforceability, or implementation of this Agreement, including any claim that all or part of this Agreement is void or voidable.

*Id.* Once Plaintiff electronically signed the Mutual Arbitration Agreement, an electronic record of his signature and IP address were entered and stored in the Taleo system. *Id.* at ¶ 14. Plaintiff's e-Signature confirmation is captured in the "Onboarding" module of Plaintiff's Taleo process history. *Id.*, Ex. F. According to this process history, Plaintiff viewed and signed the Mutual Arbitration Agreement on May 30, 2019. *Id.* at ¶ 14. The Taleo process history confirms Plaintiff acknowledged and signed the Agreement while logged into his Starbucks Career Center account (using his unique username and password). *Id.*

DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY - Page 4

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL

Once an applicant signs into Taleo using his or her unique username and password and digitally signs the Mutual Arbitration Agreement as described above, Starbucks records reflect the date the applicant executed the Mutual Arbitration Agreement. *Id.* at ¶ 15. If the applicant signs into Taleo using his or her unique username and password but fails to digitally execute the Agreement as set forth above, Starbucks records will not indicate the Agreement was executed. *Id.* As a result, if Starbucks records reflect that the applicant digitally executed the Agreement, then it indicates that the applicant signed in to the Taleo website using his or her unique password and clicked the button placing his or her digital signature on the Agreement and manually typed in his or her name. *Id.*

On May 30, 2019, Taleo automatically generated and sent a confirmation email to Plaintiff's personal email address, which confirmed that Plaintiff signed the Mutual Arbitration Agreement and completed the onboarding process. *Id.* at ¶ 16, Ex. G.

After Plaintiff completed the Taleo onboarding process and electronically signed the Mutual Arbitration Agreement on May 30, 2019, he began working for Starbucks as a Senior Vendor Services Management Analyst. *Id.* at ¶ 17. If he had not, he would not have been permitted to start work. *Id.*

**B.     Plaintiff Files his Lawsuit and Refuses to Consent to Arbitration.**

Plaintiff filed his Complaint on June 25, 2024. ECF No. 1. He alleged six claims under the Family Medical Leave Act, Title VII of the 1964 Civil Rights Act, the Uniformed Services Employment and Reemployment Rights Act, and the Washington Paid Family Medical Leave

DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY - Page 5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL

Act. *Id*. All claims were premised on his treatment at work, discipline he received, and ultimately, the termination of his employment. *Id.* ¶ 52-112.

Because Plaintiff signed an Arbitration Agreement that covers his claims in this action, Starbucks asked him on July 23, 2024, to stipulate to arbitration. Declaration of Matthew Macario Decl., Ex. A. His counsel did not disagree that Plaintiff had signed the agreement or had done so under the name Aaron Williams. *Id.* But he responded: "Assuming there aren't other issues with the authenticity and enforceability of that document, what authority do you have supporting its enforceability in light of RCW 49.44.085?" *Id.* To this, Starbucks's counsel explained:

> RCW 49.44.085 does not apply here. That statute prohibits agreements that "waive the employee's right to publicly pursue a cause of action arising under chapter 49.60 RCW or federal antidiscrimination laws or to publicly file a complaint with the appropriate state or federal agencies, or if it requires an employee to resolve claims of discrimination in a dispute resolution process that is confidential." (Emphasis added). The statute by no means precludes parties from agreeing to arbitrate discrimination claims so long as the arbitration is not confidential. Nothing in the agreement Mr. Johnson/Williams signed requires confidentiality. Agreements such as that here are regularly enforced with no concern for RCW 49.44.085. The statute would be preempted if it indeed barred arbitration of discrimination claims generally.
>
> Please let us know by noon tomorrow if you will stipulate to arbitration. Otherwise, we will move to compel arbitration.

*Id.* Plaintiff's counsel called this interpretation "pained" but offered no substantive rebuttal. *Id.* The parties thus did not resolve the arbitration issue.

## IV.  AUTHORITY

**A.   The Federal Arbitration Act Requires that this Court Compel this Case into Arbitration.**

The Federal Arbitration Act (FAA) reflects "a liberal federal policy favoring arbitration" and requires courts to compel the arbitration of any claims covered by an arbitration agreement

DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY - Page 6

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL

in accordance with its terms. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 338 (2011). The "unmistakably clear" congressional purpose of the FAA is that the arbitration procedure selected by the parties be "speedy and not subject to delay and obstruction in the courts." *Prima Paint Corp. v. Flood Conklin Manufacturing Co.*, 388 U.S. 395, 404 (1967). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp v. Mercury Constr. Corp.* 460 U.S. 1, 24 (1983). Washington courts have expressed a public policy favoring arbitration, *Godfrey v. Hartford Cas. Ins. Co.,* 142 Wn.2d 885, 892 (2001), but have also recently placed reasonable limitations on the enforceability of arbitration agreements.

When evaluating a motion to compel arbitration, courts generally limit their review to: "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). If the answer to both questions is affirmative, like it is here, a court must compel arbitration.

**B.     Because this Case is Subject to Arbitration, this Court May Dismiss Under Fed. R. Civ. P. 12**

In moving to compel arbitration, a defendant may also request dismissal under Fed. R. Civ. P. 12(b). *Riso, Inc. v. Witt Co.*, No. 03:13-CV-02064-HZ, 2014 WL 3371731, at *4 (D. Or. July 9, 2014). Courts are divided in which subpart of Fed. R. Civ. P. 12(b) applies. Some hold that a motion to compel arbitration challenges the Court's subject matter jurisdiction under Rule 12(b)(1). *Id.;* s*ee also Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014) ("[A] district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration"). In

DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY - Page 7

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL

considering a Rule 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

Other courts, including this one, have considered whether Rule 12(b)(6) is a proper vehicle, but have concluded that such a motion would have to be treated as one of subject matter jurisdiction, albeit limited to the issue of arbitration. *Dodo Int'l Inc. v. Parker*, No. C20-1116-JCC, 2021 WL 4060402, at *5 (W.D. Wash. Sept. 7, 2021). In any instance, the Court may consider extrinsic evidence as necessary to resolve that issue. *Id.*

### C.    Plaintiff Signed a Valid and Enforceable Mutual Arbitration Agreement

Under the FAA, written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. An offer of employment is sufficient consideration for the employee's agreement to arbitrate future employment related legal claims. *EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 749-50 (9th Cir. 2003) (holding employers can require employees to arbitrate their future Title VII claims as a condition of employment). *See also Labriola v. Pollard Group, Inc.*, 152 Wn.2d 828, 836 (2004) (stating "[c]onsideration is a bargained-for exchange of promises" and holding employee's acceptance of employment was valid consideration for non-compete clause signed at the time of hire). *See also Robbins v. Comcast Cable Commc'ns, LLC*, 3:19-CV-05603-RBL, 2019 WL 4139297, at *3, unpublished, (W.D. Wash. Aug. 30, 2019) (reciprocal promises to arbitrate was sufficient consideration); *Sprinkle v. Gen. Dynamics Land Sys.,* C09-1672Z, 2010 WL 1330328, at *10, unpublished (W.D. Wash. Mar. 30, 2010) (claim of substantive unconscionability based on a lack of mutuality failed when both parties were required to arbitrate certain claims related to their employment agreement); *Eddie v. Milgard Mfg. Inc.*, No. C09-5052FDB, 2009 WL

DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY - Page 8

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL

2029789, at *3, unpublished, (W.D. Wash. July 8, 2009) (compelling arbitration where employee signed the relevant policy at the start of employment); *Lutz c. Cont'l Servs., Inc.*, No. C07-974Z, 2007 WL 4165274, at *1, unpublished, (W.D. Wash. Nov. 16, 2007) (enforcing arbitration in employment agreement signed at the initiation of employment).

Here, there is no question that Starbucks offered Plaintiff a mutual agreement to arbitrate as a condition of employment, which he signed after being provided reasonable time to consider. His new employment and the mutuality of the arbitration was his consideration. Accordingly, his arbitration agreement is presumptively enforceable, and he must prove it is not. *Zuver v. Airtouch Commc'ns, Inc.,* 153 Wn.2d 293, 302 (2004); *Kane v. Mednax Servs., Inc.*, No. 2:22-CV-0159-TOR, 2022 WL 16748784, at *4 (E.D. Wash. Nov. 7, 2022). He cannot do so.

**D.     The Arbitration Agreement Squarely Encompasses Plaintiff's Claims.**

Plaintiff agreed to resolve all "Covered Claims" through arbitration, defined to include any and all claims "brought under any statute, local ordinance, or common law relating to my employment, including those concerning any element of compensation, harassment, discrimination, retaliation, recovery of bonus or relocation benefits, leaves of absence, accommodations, or termination of employment." Marangwada Decl., Ex. E. Such language is broadly encompassing. Plaintiff pled various claims under various statutes alleging harassment, discrimination, retaliation, and termination. These all squarely fall within the Agreement's defined scope.

DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY - Page 9

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL

### E. The Arbitration Agreement was not Procedurally Unconscionable.

Plaintiff could have taken as much as two weeks to review his Arbitration Agreement, ask questions, or even consult with an attorney. The mutual arbitration clause in the Agreement is clear and unequivocal. As such, the Arbitration Agreement is not procedurally unconscionable. Regardless, Johnson would bear the burden to show unconscionability. *Tjart v. Smith Barney, Inc.*, 107 Wn. App. 885, 898 (2001). He cannot do so.

Looking to the face of the Arbitration Agreement at issue in that case, Washington courts have declined to find agreements unconscionable where "the important terms of the arbitration agreement were not hidden in a maze of fine print." *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn. 2d 293, 302 (2004) (internal quotations omitted). Although the employee in *Zuver* had received various other onboarding paperwork, the agreement itself was "clearly labeled '**<u>ARBITRATION AGREEMENT</u>**,**'** underlined, bolded, and in capital letters." *Id.* (emphasis in original). Plaintiff's Arbitration Agreement was the same. It too was titled clearly "**STARBUCKS MUTUAL ARBITRATION AGREEMENT**, bolded, and in capital letters.

Thus in short, Plaintiff could have taken his time to review the Arbitration Agreement, consult counsel, and ask for clarification. He had all the opportunity the law requires. *Id.* He thus could not show unconscionability. *Tjart v. Smith Barney, Inc.*, 107 Wn. App. 885, 898 (2001).

### F. RCW 49.44.085 Does Not Render the Arbitration Agreement Substantively Unconscionable.

Plaintiff may argue that RCW 49.44.085 makes the Arbitration Agreement illegal, unenforceable, or substantively unconscionable. Regardless of how his argument is construed, however, it lacks merit.

As Starbucks explained prior to filing this motion, that statute expressly precludes only confidential arbitration of discrimination claims. Indeed, in imposing that narrower prohibition, the statute implicitly acknowledges that discrimination claims can be compelled

DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY - Page 10

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL

into arbitration so long as the process need not be confidential. "By expressly proscribing one type of [agreement], the [statute] implicitly allows other types not otherwise proscribed." *City of Spokane v. Marr*, 129 Wn. App. 890, 894 (2005).

It is not surprising, therefore, that courts in Washington have regularly enforced arbitration agreements like this one to compel discrimination claims into arbitration without concern for RCW 49.44.085's inapplicable prohibition. *See, e.g., Okelo v. Antioch Univ.*, 601 F. Supp. 3d 894, 895-96 (W.D. Wash. 2022) (granting motion to compel arbitration in employment case raising discrimination claims under state law); *Terrell v. TA Operating LLC*, No. C21-353 RAJ, 2021 WL 5182378, at *1-2 (W.D. Wash. Oct. 18, 2021) (unpublished) (same as to discrimination claims under federal law); *Czerwinski v. Pinnacle Prop. Mgmt. Servs., LLC*, 9 Wn. App.2d 1047, 2019 WL 2750183, at *1, 10 (2019) (unpublished) (reversing and remanding to compel arbitration in employment case raising discrimination claims under state law).

If RCW 49.44.085 barred the arbitration of discrimination claims entirely, as Plaintiff claims, it would clearly be preempted by the FAA. Indeed, Washington courts have held it preempted even to the extent it merely precludes confidential arbitration. *Carlile v. Waste Connections of Wash.*, No. 2:21-cv-00276-SAB, ECF No. 13 (E.D. Wash. Dec. 3, 2021) (unpublished) (in employment discrimination case, holding parties' arbitration provision was outside the scope of RCW 49.44.085 and holding RCW 49.44.085 is preempted by FAA); *Logan v. Lithia of Seattle, Inc.*, No. 18-2-19068-1 SEA, Dkts. 23, 34 (King Cty. Sup. Ct. July 12, 2019) (unpublished) (in employment discrimination case, holding RCW 49.44.085 is preempted by federal law and requiring parties to arbitrate claims where arbitration agreement incorporated the FAA).

DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY - Page 11

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL

RCW 49.44.085 thus poses no barrier to the necessary result: compelling this case into arbitration.

**G.  This Court Should Stay Judicial Proceedings, and Compel Arbitration**

The FAA permits a court to dismiss an action in compelling arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). But Starbucks does not dispute that the Supreme Court's recent decision in *Spizzirri* makes a stay the most appropriate remedy if the Plaintiff requests it. *Id.*; 9 U.S.C. § 3; RCW 7.04A.070(6). Accordingly, on the assumption that Plaintiff will request a stay, Starbucks will not oppose such a request.

## VI.  CONCLUSION

Plaintiff signed a binding agreement to arbitrate his employment claims with Starbucks, including those in his complaint. Rather than pursue arbitration, he filed a complaint in this Court. The Court therefore is required to compel arbitration and to stay judicial proceedings pending the outcome of the parties' arbitration.

DATED this 29th day of July, 2024.

FISHER & PHILLIPS LLP

By  *s/ Matthew J. Macario*
Matthew J. Macario
WSBA No. 26522
Jeremy F. Wood
WSBA No. 51803
1201 Third Avenue, Suite 2750
Seattle, WA 98101
Email: mmacario@fisherphillips.com
Email: jwood@fisherphillips.com
*Attorneys for Defendant*

DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY - Page 12

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL

# CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury of the laws of the United States that on the date below written, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused to be served a true and correct copy of same by the method indicated below and addressed as follows:

Jennifer J. Spencer
*Pro Hac Vice*
Texas Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
*Pro Hac Vice*
Texas Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC

G. Benjamin Lindsey III
Washington Bar No. 36386
guslindseyiii@gbl3law.com
LAW OFFICE OF G. BENJAMIN LINDSEY III

*Attorneys for Plaintiff Dion Johnson*

Executed on this 29th day of July, 2024.

                                                        s/ Tammy Weisser
                                                        Tammy Weisser, Legal Secretary

CERTIFICATE OF SERVICE - Page 13

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

FP 51663785.2 FINAL