UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DION JOHNSON, | CASE NO. 2:24-cv-00918-BJR |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY LITIGATION** |
| STARBUCKS CORPORATION, | |
| Defendant. | |

The Motion to Compel Arbitration and Dismiss or Stay Litigation filed by Defendant Starbucks Corporation (Doc. No. 13) (the "Motion") should be denied because Starbucks failed to meet its burden to invoke the application of the Federal Arbitration Act. Thus, the prohibition found in RCW 49.44.085 is not preempted. Alternatively, even if the FAA applies, the Arbitration Agreement must be enforced as any other contract, including any exclusionary terms therein. Since the Arbitration Agreement specifically excludes claims that may not be arbitrated under applicable law, the Court must enforce that the parties' intent within the Arbitration Agreement was to not arbitrate disputes falling under a legal prohibition such as that found in RCW 49.44.085. Therefore, the Motion must be denied.

I.   ARGUMENT & AUTHORITIES

**A.   Starbucks failed its burden to show that the Arbitration Agreement is covered by the Federal Arbitration Act.**

The Arbitration Agreement contains no express language invoking the Federal Arbitration Act (FAA), and neither party mutually assented to the use of the FAA as a vehicle for dispute

Plaintiff's Response to Defendant's
Motion to Compel Arbitration and Dismiss or Stay
Case No. 2:24-cv-00918-BJR                    1

Jackson Spencer Law PLLC
4004 Belt Line Road, Suite 210
Addison, Texas 75001
972-458-5301

resolution. Absent such express language, the FAA only applies to an arbitration agreement when the duties performed under the contract involve interstate commerce. *Weiss v. Lonnquist*, 153 Wn. App. 502, 510 n.7, 224 P.3d 787 (2009) (citations omitted). The burden lies with the party seeking to enforce the arbitration agreement that the FAA applies, *both* through the existence of an agreement to arbitrate *and* that the agreement affects interstate commerce. *Id*. (citations omitted). Here, Starbucks has made no effort to meet its burden to show that the FAA applies to the Arbitration Agreement or that Johnson agreed to arbitrate under the FAA. It was Starbucks' burden to show the connection between Johnson's job and interstate commerce. Instead of meeting this burden, Starbucks merely presumed the application of the FAA. Having failed to meet its burden, Starbucks' arguments regarding the FAA's preemption of RCW 49.44.085 also fails, and the effects of the statue should be applied to prohibit the arbitration of this dispute.

**B.    Regardless of the application of the FAA, Plaintiff's claims are excluded from the Arbitration Agreement by its own terms.**

As succinctly stated by the U.S. Supreme Court, "The [FAA] requires courts to place arbitration agreements on equal footing with all other contracts." *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 581 U.S. 246, 248 (2017) (internal quotation marks and citations omitted). Thus, even if the Court finds the FAA applies, it must still give lawful force and effect to all of the terms of the agreement, and not render any terms meaningless or ineffective, just like any other contract per Washington law. *See Grey v. Leach*, 158 Wn. App. 837, 850, 244 P.3d 970 (2010) ("Interpretations giving lawful effect to all the provisions in a contract are favored over those that render some of the language meaningless or ineffective." (citation omitted)).

Here, the parties agreed that "claims for which this Agreement would be invalid as a matter of law" are excluded from the Agreement and thus not arbitrable. *See* Doc. No. 14-1, Exhibit E

Plaintiff's Response to Defendant's
Motion to Compel Arbitration and Dismiss or Stay
Case No. 2:24-cv-00918-BJR                                2

Jackson Spencer Law PLLC
4004 Belt Line Road, Suite 210
Addison, Texas 75001
972-458-5301

(under the heading, "Claims Not Covered by this Agreement"). Starbucks will undoubtedly argue that this merely incorporates express statutory exclusions such as those found within the FAA, or basic contract formation principles that would invalidate an arbitration agreement notwithstanding the application of the FAA. *See, e.g.*, 9 U.S.C. §§ 1, 2 & 402 (FAA exclusions for certain interstate transportation employees, for generally applicable contract defenses, and for sexual harassment claims). But such a reading would render this provision of the Agreement wholly unnecessary. To give this exclusion any meaning, it must refer to an intent of the parties to exclude from arbitration any claim for which there is any exception at law. RCW 49.44.085 is such an exception at law, in that it prohibits the waiver of Plaintiff's right to publicly pursue his causes of action for the reasons argued below. This does not offend the preemptive nature of the FAA, but is merely the result of applying generally applicable contract interpretation principles, just like any other contract that applies Washington law.

**D.    The inherently confidential process of arbitration is disallowed under RCW 49.44.085.**

As noted above, either (a) the FAA does not apply to the Agreement due to Starbucks failing its burden of proof, or (b) by applying generally applicable contract interpretation principles, the Agreement's own terms exclude claims for which the Agreement would be invalid by law. Either way, RCW 49.44.085 applies to exclude arbitrating Plaintiff's claims, stating:

> A provision of an employment contract or agreement is against public policy and is void and unenforceable if it requires an employee to waive the employee's right to publicly pursue a cause of action arising under chapter 49.60 RCW or federal antidiscrimination laws or to publicly file a complaint with the appropriate state or federal agencies, or if it requires an employee to resolve claims of discrimination in a dispute resolution process that is confidential.

Plaintiff's Response to Defendant's
Motion to Compel Arbitration and Dismiss or Stay
Case No. 2:24-cv-00918-BJR                3

Jackson Spencer Law PLLC
4004 Belt Line Road, Suite 210
Addison, Texas 75001
972-458-5301

All of Plaintiff's claims fall within these parameters, as they all involve discrimination, on either the federal or state level, regarding his sex, military status, and use of protected family and medical leave. *See generally* Plaintiff's Original Complaint (Doc. No. 1).

RCW 49.44.085 therefore excludes these claims from arbitration due to the well-recognized status of arbitration as a confidential process that removes claims from public view. While Starbucks argues that the Agreement at issue here contains no confidentiality clause, courts have long noted the confidentiality that underlies the arbitration process. *See, e.g.*, *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008); *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 175-76 (5th Cir. 2004); *Del. Coalition v. Strine*, 894 F. Supp. 2d 493, 500-01 (D. Del. 2012); *Barnett v. Hicks*, 119 Wn.2d 151, 159-61, 829 P.2d 1087 (1992). While *Guyden* and *Iberia Credit Bureau* both involved arbitration agreements with express confidentiality clauses, both courts highlighted how attacking those provisions was an attack on the fundamentally confidential nature of arbitration itself. The Fifth Circuit in *Iberia Credit Bureau* went so far as to say:

> Indeed, ***the plaintiffs' attack on the confidentiality provision is, in part, an attack on the character of arbitration itself***. If every arbitration were required to produce a publicly available, "precedential" decision on par with a judicial decision, one would expect that parties contemplating arbitration would demand discovery similar to that permitted under Rule 26, adherence to formal rules of evidence, more extensive appellate review, and so forth-- in short, all of the procedural accoutrements that accompany a judicial proceeding. ***But part of the point of arbitration is that one "trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration."*** *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628, 87 L. Ed. 2d 444, 105 S. Ct. 3346 (1985)

379 F.3d at 175-76 (emphasis added). The Second Circuit agreed with the Fifth Circuit, echoing this sentiment as "confidentiality is a paradigmatic aspect of arbitration." *Guyden*, 544 F.3d at

Plaintiff's Response to Defendant's
Motion to Compel Arbitration and Dismiss or Stay
Case No. 2:24-cv-00918-BJR                        4

Jackson Spencer Law PLLC
4004 Belt Line Road, Suite 210
Addison, Texas 75001
972-458-5301

385. In *Barnett*, the Supreme Court of Washington recognized that one of the differences between arbitration and a public trial in court is that a trial conveys a right of review while arbitration does not. *Barnett*, 119 Wn.2d at 161. The District of Delaware offered the same distinctions with respect to arbitration's lack of public precedence and public availability. *See Del. Coalition*, 894 F. Supp. 2d at 500-01 ("Because they are outside the judicial system, arbitration decisions are ad hoc, lacking any precedential value. … The chief advantage of arbitration is the ability to resolve disputes without aspects often associated with the legal system: [including] publicity of the dispute."). These cases make clear that arbitration is inherently non-public in that they are not conducted via public filings, are not heard in a public courtroom, and do not result in a publicly available, precedent-setting decision. For these reasons, arbitration should be considered inherently confidential and thus not permitted by RCW 49.44.085. Instead, a public trial is precisely what is required by RCW 49.44.085.

The decisions relied upon by Starbucks in its Motion do not require a different result. That Washington courts having "regularly enforced arbitration agreements" misses the mark. The cases that Starbucks cites for this proposition are wholly inapposite because they (a) make no reference to whether RCW 49.44.085 applies or is preempted, and/or (b) do not involve arbitration agreements "like this one" because those cases did not contain exclusionary language the parties agreed to in the present Agreement. *See* Motion, at 13 (citing *Okelo v. Antioch Univ.*, 601 F. Supp. 3d 894, 895-96 (W.D. Wash. 2022) (both); *Carlile v. Waste Connections of Wash.*, No. 2:21-cv-00276-SAB, ECF No. 13 (E.D. Wash. Dec. 3, 2021) (unpublished) (no exclusionary language); *Terrell v. TA Operating LLC*, No. C21-353 RAJ, 2021 WL 5182378, at *1-2 (W.D. Wash. Oct. 18, 2021) (unpublished) (both); *Czerwinski v. Pinnacle Prop. Mgmt. Servs., LLC*, 9 Wn. App.2d 1047,

Plaintiff's Response to Defendant's
Motion to Compel Arbitration and Dismiss or Stay
Case No. 2:24-cv-00918-BJR                    5

Jackson Spencer Law PLLC
4004 Belt Line Road, Suite 210
Addison, Texas 75001
972-458-5301

2019 WL 2750183, at *1, 10 (2019) (unpublished) (both); *Logan v. Lithia of Seattle, Inc.*, No. 18-2-19068-1 SEA, Dkts. 23, 34 (King Cty. Sup. Ct. July 12, 2019) (unpublished) (no exclusionary language)).  Since none of these decisions would invalidate a specific exclusionary provision within the arbitration agreements themselves, they simply have no bearing on the present case.

Here, the parties agreed to exclude certain claims, such as those for which arbitration would be invalid under law, which must include legal prohibitions such as RCW 49.44.085 to avoid the exclusion being rendered meaningless and superfluous.  In other words, RCW 49.44.085 does not prohibit arbitration here *in contravention to* the preclusive effect of the FAA, but because the parties' agreed upon terms must be honored.

**G.     Alternatively, the Court should issue a stay as directed by the U.S. Supreme Court in *Smith v. Spizzirri*.**

In the event that the Court determines that Plaintiff must arbitrate his claims against Starbucks, he requests that this proceeding be stayed pending the outcome of the arbitration.  *See* 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 475-78, 144 S. Ct. 1173, 1176-78 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.").

Plaintiff further requests such other relief to which he is entitled in law or in equity.

Plaintiff's Response to Defendant's
Motion to Compel Arbitration and Dismiss or Stay
Case No. 2:24-cv-00918-BJR                 6

Jackson Spencer Law PLLC
4004 Belt Line Road, Suite 210
Addison, Texas 75001
972-458-5301

DATED this 19th day of August, 2024.

        Respectfully Submitted,

        */s/ James E. Hunnicutt*
        Jennifer J. Spencer
        *Pro Hac Vice*
        Texas Bar No. 10474900
        jspencer@jacksonspencerlaw.com
        James E. Hunnicutt
        *Pro Hac Vice*
        Texas Bar No. 24054252
        jhunnicutt@jacksonspencerlaw.com
        JACKSON SPENCER LAW PLLC
        4004 Belt Line Road, Suite 210
        Addison, TX 75001
        (972) 458-5301 (Telephone)
        (972) 532-8799 (Fax)

        */s/ G. Benjamin Lindsey III*
        G. Benjamin Lindsey III
        Washington Bar No. 36386
        guslindseyiii@gbl3law.com
        LAW OFFICE OF G. BENJAMIN LINDSEY III
        2012 Grade Road, Suite 202
        Lake Stevens, WA 98258
        (425) 263-9585 (Telephone)
        (425) 328-1599 (Fax)

        **ATTORNEYS FOR PLAINTIFF**
        **DION JOHNSON**

Plaintiff's Response to Defendant's
Motion to Compel Arbitration and Dismiss or Stay
Case No. 2:24-cv-00918-BJR    7    Jackson Spencer Law PLLC
4004 Belt Line Road, Suite 210
Addison, Texas 75001
972-458-5301

## CERTIFICATE

I certify that this memorandum contains 1,721 words, in compliance with the Local Civil Rules.

I hereby certify that on August 19, 2024, a true and correct copy of the foregoing document was filed with the Clerk of the Court via the Court's CM/ECF system and caused a copy to be served on all counsel of record pursuant to the FEDERAL RULES OF CIVIL PROCEDURE by the same method and by email addressed as follows:

Matthew J. Macario, WSBA #26522
mmacario@fisherphillips.com
Jeremy F. Wood, WSBA #51803
jwood@fisherphillips.com
Fisher & Phillips LLP
1700 7th Avenue, Suite 2200
Seattle, WA 92101

*Attorneys for Defendant*

/s/  James E. Hunnicutt
James E. Hunnicutt

Plaintiff's Response to Defendant's
Motion to Compel Arbitration and Dismiss or Stay
Case No. 2:24-cv-00918-BJR                8

Jackson Spencer Law PLLC
4004 Belt Line Road, Suite 210
Addison, Texas 75001
972-458-5301