1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DION JOHNSON,

                Plaintiff,

    v.

STARBUCKS CORPORATION

                Defendant.

Case No.: 24-cv-00918-BJR

ORDER STAYING LITIGATION
PENDING DETERMINATION OF
ARBITRABILITY

## I.    INTRODUCTION

Plaintiff Dion Johnson ("Plaintiff") brings this lawsuit against Defendant Starbucks Corporation ("Starbucks") alleging that the company wrongfully terminated his employment in violation of the Family Medical Leave Act ("FMLA"), Title VII of the 1964 Civil Rights Act ("Title VII"), the Uniform Services Employment and Reemployment Rights Act ("USERRA"), and the Washington Paid Family Medical Leave Act ("WPFMLA"). Currently before the Court is Starbuck's Motion to Compel Arbitration and Dismiss or Stay Litigation. Dkt. No. 13. Plaintiff opposes the motion. Dkt. No. 18. Having reviewed the motion, opposition, and reply thereto, the record of the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

## II.   BACKGROUND

Plaintiff, a United States Army veteran, began working for Starbucks in June 2018 as a Senior Vendor Services Management Analyst. As a condition of his employment with Starbucks, Plaintiff signed a mutual arbitration agreement on May 30, 2019 ("the Mutual Arbitration Agreement") that provides in relevant part:

> Starbucks and I agree to use binding individual arbitration to resolve any "Covered Claims" that arise between me and Starbucks, its subsidiaries and related companies, and/or any current or former employee of Starbucks or a related company (collectively, "Starbucks"). "Covered Claims" are those brought under any statute, local ordinance, or common law relating to my employment, including those concerning any element of compensation, harassment, discrimination, retaliation, recovery of bonus or relocation benefits, leaves of absence, accommodations, or termination of employment.
>
> **Except as provided herein, I understand and agree that arbitration is the only forum for resolving Covered Claims, and that both Starbucks and I waive the right to a trial before a judge or jury in federal or state court.** The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law.

Dkt. No. 14, Ex. E at 1 (bold in original). Plaintiff does not dispute that he signed the Mutual Arbitration Agreement as a condition of his employment.

Plaintiff alleges that almost immediately after starting his employment at Starbucks, his supervisor began harassing him because he is a veteran. The supervisor also allegedly expressed a preference for employees who do not have children. Plaintiff claims that he eventually submitted a complaint regarding his supervisor's behavior to Starbucks' human resources department, but rather than addressing the problem, the supervisor's harassment and discriminatory behavior only worsened. In fact, Plaintiff alleges that he received his first-ever negative performance review within two weeks after filing the complaint, was eventually placed on a Performance Improvement Plan, and ultimately terminated from his employment. Plaintiff

claims that his termination was in retaliation for complaining about his supervisor's behavior and constitutes a willful violation of his rights under FMLA, Title VII, USERRA, and WPFLA.

### III.    DISCUSSION

#### A.    The Standard of Review

A court must determine two "gateway" issues in deciding whether to compel arbitration: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *see also*, *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (a court's involvement is generally limited to determining two so-called "gateway" questions of arbitrability: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue"). In addition, the parties may "agree[] to limit judicial involvement even further" by delegating adjudication of these gateway questions to the arbitrator, so long as they do so "clearly and unmistakably". *Acosta v. Brave Quest Corporation*, 2024 WL 3206986, at *3 (C.D. Cal. May 10, 2024) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). When an agreement "clearly and unmistakably" delegates the threshold issue of arbitrability to the arbitrator, a court must send the question to arbitration. *Rent-A-Center, W. v. Jackson*, 561 U.S. 63, 80 (2010); *see also Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 65 (2019) ("When the parties' contract delegated the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract.").

#### B.    The Parties' Arguments

Starbucks moves to compel Plaintiff to arbitrate his claims in accordance with the terms of the Mutual Arbitration Agreement between the parties. Plaintiff opposes the motion, arguing that the Mutual Arbitration Agreement is not enforceable as to his discrimination-based claims

because Washington law prohibits an employer from requiring an employee to arbitrate

discrimination claims. RCW 49.44.085 states:

> A provision of an employment contract or agreement is against public policy and
> is void and unenforceable if it requires an employee to waive the employee's right
> to publicly pursue a cause of action arising under chapter 49.60 RCW or federal
> antidiscrimination laws or to publicly file a complaint with the appropriate state or
> federal agencies, or if it requires an employee to resolve claims of discrimination
> in a dispute resolution process that is confidential.

Starbucks counters that RCW 49.44.085 is inapplicable to this case because the statute only

prohibits *confidential* arbitration of discrimination-based claims, and the Mutual Arbitration

Agreement does not require confidentiality. Alternatively, Starbucks argues that RCW 49.44.085

is preempted by the Federal Arbitration Act.

### C.     The Parties Delegated the Issue of Arbitrability to the Arbitrator

Here, the parties "clearly and unmistakably" delegated to the arbitrator the issue of

whether Plaintiff can be forced to arbitrate his discrimination-based claims. The Mutual

Arbitration Agreement unequivocally provides:

> Starbucks and I agree that the *Arbitrator-and not a court or agency-shall have*
> *exclusive authority to resolve any dispute* regarding the formation, interpretation,
> applicability, enforceability, or implementation of this Agreement, including any
> claim that all or part of this Agreement is void or voidable.

Dkt. No. 14, Ex. E at 1 (emphasis added).

It is important to note what Plaintiff does not challenge here. He does not dispute that he

entered into the Mutual Arbitration Agreement as a condition of his employment. Nor does he

contest the validity of the Agreement as a whole or challenge the enforceability of the delegation

clause. He also does not claim that the Agreement is void as to all employment-related claims.

Rather, he only argues that the Agreement is void as to his discrimination-based claims because

RCW 49.44.085 allegedly excludes such claims from mandatory arbitration. This challenge to

arbitrability falls squarely within the Agreement's delegation clause and, as such, the arbitrator must resolve the issue. *Rent-A-Center,* 561 U.S. at 80. Thus, this matter must be stayed pending resolution of this issue by the arbitrator.

### IV.    CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Starbucks' motion to stay this litigation pending the arbitrator's determination of arbitrability with respect to Plaintiff's discrimination-based claims. The parties shall file a status report with this Court within thirty (30) days of the arbitrator's decision.

Dated this 11th day of October 2024.

Barbara Jacobs Rothstein
U.S. District Court Judge